# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON DIVISION

| | |
|---|---|
| BENJAMIN DURBIN and BROOKE SEARLES,<br><br>    Plaintiffs,<br><br>-v-<br><br>JULIA FANELLO,<br><br>    Defendant. | Case No.:<br><br>**COMPLAINT** |

Plaintiffs Benjamin Durbin and Brooke Searles, by and through undersigned counsel, allege as follows:

## JURISDICTION AND VENUE

1. Plaintiff Benjamin Durbin is a citizen of the State of South Carolina.

2. Plaintiff Brooke Searles is a citizen of the State of South Carolina.

3. Defendant Julia Fanello is a citizen of the State of Florida.

4. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. This Court has personal jurisdiction over Defendant because the acts and omissions giving rise to this action occurred in South Carolina and caused foreseeable injury within this State.

6. Venue is proper in the Anderson Division pursuant to 28 U.S.C. § 1391(b) because the motor-vehicle collision occurred in Anderson County, South Carolina, within this Division.

## FACTUAL ALLEGATIONS

7. On or about May 24, 2025, Defendant Julia Fanello was operating a 2019 GMC pickup truck northbound on South Carolina Highway 187 in Anderson County, South Carolina.

8. At the same time, Plaintiff Benjamin Durbin was operating a motor vehicle eastbound on South Carolina Highway 24, with Plaintiff Brooke Searles riding as a passenger.

9. The intersection of SC-187 and SC-24 is controlled by traffic-control devices governing the flow of traffic.

10. Defendant Fanello was operating her vehicle while impaired.

11. Defendant Fanello disregarded a traffic-control device governing the intersection, entered the intersection against the signal, and collided with Plaintiffs' vehicle.

12. The collision occurred without fault on the part of Plaintiffs.

13. Defendant Fanello's acts and omissions directly and proximately caused the collision.

14. As a result of the collision, Plaintiffs sustained serious bodily injuries requiring medical treatment and have incurred damages as alleged below.

## COUNT I
### Negligence Per Se (Against Defendant Fanello)

15. Plaintiffs incorporate by reference the preceding paragraphs.

16. Defendant Fanello owed Plaintiffs statutory duties under South Carolina law, including duties prohibiting operating a motor vehicle while impaired and requiring obedience to traffic-control devices.

17. Defendant Fanello violated these statutory duties by operating her vehicle while impaired and by disregarding a traffic-control device at a public intersection.

18. Defendant Fanello's statutory violations constitute negligence per se.

19. Defendant Fanello's statutory violations were reckless, willful, and wanton and demonstrated a conscious disregard for the safety of others.

20. As a direct and proximate result of Defendant Fanello's negligence per se, Plaintiffs suffered damages including, but not limited to:

   1. Past and future medical expenses;
   2. Lost income and diminished earning capacity;
   3. Physical pain and suffering;
   4. Mental anguish and emotional distress;
   5. Loss of enjoyment of life; and
   6. Other damages to be proven at trial.

## COUNT II
### Negligence, Gross Negligence, and Recklessness

21. Plaintiffs incorporate by reference the preceding paragraphs.

22. Defendant Fanello owed Plaintiffs a duty to operate her vehicle with reasonable care under the circumstances.

23. Defendant Fanello breached that duty by, among other acts and omissions:

   1. Operating a motor vehicle while impaired;
   2. Failing to keep a proper lookout;
   3. Failing to obey a traffic-control device;
   4. Failing to yield the right of way;

    5. Operating her vehicle in an unsafe and unreasonable manner under the circumstances.

24. Defendant Fanello's conduct constituted negligence, gross negligence, recklessness, willfulness, and wantonness.

25. Defendant Fanello's breaches of duty directly and proximately caused Plaintiffs' injuries and damages.

26. Defendant Fanello's conduct demonstrates a conscious indifference to the rights and safety of others and warrants the imposition of punitive damages under South Carolina law.

## DAMAGES

27. As a direct and proximate result of Defendant Fanello's acts and omissions, Plaintiffs have suffered and will continue to suffer damages, including medical expenses, lost income, pain and suffering, emotional distress, and loss of enjoyment of life.

28. Plaintiffs seek actual and compensatory damages in an amount to be determined by the jury.

29. Plaintiffs seek punitive damages to punish Defendant Fanello and to deter similar misconduct.

30. Plaintiffs seek costs, pre- and post-judgment interest, and such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

                                                          **MORGAN & MORGAN, P.A.**

                                                          *James G. Biggart II*  
                                                          JAMES G. BIGGART II  
                                                          Federal ID: 14195  
                                                          COOPER KLAASMEYER, ESQ.

        Federal ID: 14272
        4401 Belle Oaks Drive
        Third Floor
        North Charleston, SC 29405
        (850) 973-5186 Direct
        (850) 947-6113 Fax
        jbiggart@forthepeople.com
        cooper.klaasmeyer@forthepeople.com
        biggartlitigation@forthepeople.com
        Attorneys for Plaintiffs

January 28, 2026
Charleston, South Carolina